```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
JORGE ESPINOSA,

                        Plaintiff,
                                                                        MEMORANDUM &
                                                                        ORDER
            -against-                                                   20-CV-00223 (GRB)(VMS)

NASSAU COUNTY CORRECTIONAL CENTER and
NASSAU COUNTY HEALTH CARE CORPORATION,

                        Defendants.
-------------------------------------------------------------------X
```

**GARY R. BROWN, United States District Judge:**

By Memorandum and Order dated July 22, 2020, the Court granted the application of *pro se* plaintiff, Jorge Espinosa ("plaintiff"), currently incarcerated at the Nassau County Correctional Center ("NCCC"), to proceed *in forma pauperis* and *sua sponte* dismissed his complaint against NCCC with prejudice and the Nassau Health Care Corporation ("NHCC" and, together with NCCC, "defendants") without prejudice. Docket Entry ("DE") 9. Plaintiff was granted thirty (30) days from the date of the Memorandum and Order to file an amended complaint. On August 14, 2020, plaintiff timely filed an amended complaint against the same defendants. For the reasons set forth in the July 22, 2020 Memorandum and Order, and for the reasons that follow, plaintiff's claims brought pursuant to 42 U.S.C. § 1983 ("Section 1983") in the amended complaint are dismissed pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b). The Court declines to exercise supplemental jurisdiction over plaintiff's remaining state law negligence claim and it is dismissed without prejudice.

## BACKGROUND

*Pro se* plaintiff commenced this action by filing a complaint against NCCC and NHCC, bringing claims under 42 U.S.C. § 1983 for violations of his rights under the Fifth and Eighth

Amendments based on allegations that he was improperly kept by the NCCC in a cell infested by spiders, resulting in multiple bites, and thereafter was provided inappropriate treatment by the NHCC.  DE 1.  At this time, Plaintiff did not remit the filing fee or file an application to proceed *in forma pauperis*.  The Clerk of the Court notified plaintiff of this deficiency and instructed plaintiff to either remit the fee or file an *in forma pauperis* application and Prisoner Litigation Authorization form ("PLRA") in order for his case to proceed.  DE 2.  Plaintiff timely filed an application to proceed *in forma pauperis* and PLRA.  The case was then randomly reassigned to the undersigned and, by Memorandum and Order dated July 22, 2020, the Court granted plaintiff's application to proceed *in forma pauperis* and dismissed the claim against NCCC with prejudice and against NHCC without prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b).  Plaintiff's claim against NCCC was dismissed in light of the fact that NCCC is an "administrative arm" of a municipality; while his claim against NHCC was dismissed for failure to properly allege that the deprivation of his rights was due to an "official policy" of the municipal entity as well as for failure to allege that the NHCC acted with deliberate indifference in his treatment.  DE 7 at 3-6.  Plaintiff was granted thirty (30) days from the date of the Memorandum and Order to file an amended complaint.  On August 14, 2020, plaintiff timely filed an amended complaint against the same defendants.

## THE AMENDED COMPLAINT

The amended complaint is brief.  Plaintiff's two-page, handwritten amended complaint alleges the following, in its entirety:[1]

> Submitted to correct case 2:20-CV-00223-GRB-VMS
> As ordered to do in document "9" sent to me by this Court.

---

[1] Excerpts from the amended complaint are reproduced here exactly as they appear in the original.  Errors in spelling, punctuation, and grammar have not been corrected or noted.

> Prior to my begin and filing "this federal lawsuit" I notified the corporal (Jon Doe) I had spiders and webs in my assigned cell E-1-G-25 was told he would notify facility maintenance to correct this issue on or about Sept 3, 2019, I was told an exterminator would be called in to correct this issue. On the days of Sept. 3, 2019 til about Sept. 17, 2019 I was kept in the same cell though no exterminator came to fumigate it to solve the spider issue while being kept in the same cell against my will which was cruel and unusual punishment, as I was continually attacked and bitten or stung by spiders and insects which could have been cured by an exterminator not provided by the Nassau County Sheriff who fails to correct this addressable issiue to this day at this facility as is. In violation of my rights to U.S.C.A., "8" while being held as an inmate by plaintiff against my will as is, negligence I demand compensation for, by order of this Court or a trial for same in which I seek the amount of; $500,000.00 dollars, in damages for my injuries I incurred due to the reckless nature of defendants acts towards me for matters described here in which amounts to cruel and unusual punishment as is.

Am. Compl. DE 10 at 1-2.

## LEGAL STANDARD

As Judge Bianco summarized,

> A district court is required to dismiss an *in forma pauperis* complaint if the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915(e)(2)(B)(i)-(iii). The Court is required to dismiss the action as soon as it makes such a determination. *See* 28 U.S.C. §§ 1915(e)(2)(B)(i)-(iii).
>
> It is axiomatic that district courts are required to read *pro se* complaints liberally, *see Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106, (1976)); *Chavis v. Chappius*, 618 F.3d 162, 170 (2d Cir. 2010), and to construe them "'to raise the strongest arguments that [they] suggest [ ].'" *Chavis*, 618 F.3d at 170 (quoting *Harris v. City of New York*, 607 F.3d 18, 24 (2d Cir. 2010)). Moreover, at the pleadings stage of the proceeding, the Court must assume the truth of "all well-pleaded, nonconclusory factual allegations" in the complaint. *Kiobel v. Royal Dutch Petroleum Co.*, 621 F.3d 111, 123 (2d Cir. 2010), *aff'd*, - - - U.S.- - - -, 133 S. Ct. 1659, 185 L. Ed. 2d 671 (2013) (citing *Ashcroft v. Iqbal*, 556 U.S. 662 (2009)). However, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements . . . are not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 678 (citation omitted).
>
> a plaintiff's *pro se* status, a complaint must plead sufficient facts to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S.

> 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. The plausibility standard requires "more than a sheer possibility that a defendant has acted unlawfully." *Id.*; *accord Wilson v. Merrill Lynch & Co.*, 671 F.3d 120, 128 (2d Cir. 2011). While "detailed factual allegations" are not required, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). Plaintiff's factual allegations must also be sufficient to give the defendant "fair notice of what the . . . claim is and the grounds upon which it rests," *Twombly*, 550 U.S. at 555 (internal quotation marks and citation omitted).

*Patrick v. Bronx Care*, No. 14-CV-7392 (JFB)(AKT), 2014 WL 7476972, at *1-2 (E.D.N.Y. Dec. 31, 2014).

## DISCUSSION

### a. Plaintiff's Section 1983 Claims

As the Court made clear in the July 22, 2020 Memorandum and Order, a plausible Section 1983 claim requires a plaintiff to "allege two essential elements. First, the conduct challenged must have been committed by a person acting under color of state law. . . . Second, the conduct complained of must have deprived a person of rights, privileges or immunities secured by the Constitution or laws of the United States." DE 9 at 3-4 (internal quotation marks and citation omitted). Furthermore, "[t]o state a claim under 42 U.S.C. § 1983 in violation of the Eighth Amendment, 'a prisoner-plaintiff must show that a defendant acted with deliberate indifference toward the plaintiff's serious medical needs.'" *Id.* at 5 (quoting *Tiggs v. City of New York*, No. 07-CV-7254 (BSJ)(THK), 2009 WL 602991, at *2 (S.D.N.Y. Feb. 24, 2009)).

With regard to plaintiff's Section 1983 claim against NCCC, the Court explained that "[t]he NCCC is an 'administrative arm' of a municipality, Nassau County, and accordingly, cannot be sued." DE 9 at 4. Accordingly, the Court dismissed plaintiff's Section 1983 claim against the NCCC with prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b). *Id.*

Notwithstanding the Court's dismissal of plaintiff's Section 1983 claim against NCCC, plaintiff continues to name NCCC as a defendant. The Court therefore reiterates that plaintiff's Section 1983 claim against NCCC has been dismissed with prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b); to the extent that plaintiff purports to newly allege a deliberate indifference claim against NCCC, this claim is dismissed with prejudice for the same reasons.[2]

Similarly, plaintiff's Section 1983 claim against NHCC was dismissed because, as a public benefit corporation, it is considered a municipal entity for Section 1983 purposes and plaintiff did not "allege plausible facts to suggest that the deprivation of his rights under federal law [was] caused by a governmental custom, policy, or usage of the municipality" as is required for such a claim. DE 9 at 4 (citations omitted). The Court made clear that "[a] municipality may not be held liable under § 1983 solely on a *respondeat superior* theory," and that "an 'official policy' may be implemented through a 'policy statement, ordinance, regulation, or decision' that is officially promulgated by a municipality's policy makers." *Id.* at 5 (citations omitted). Like the original complaint, the amended complaint wholly fails to include "any factual allegations from which the Court may infer that the conduct of which Plaintiff complains of was caused by a policy or custom of the NHCC." *Id.* Moreover, plaintiff has not included any factual allegations that plausibly suggest that he suffered a serious medical condition and that NHCC consciously disregarded his medical needs. Accordingly, the conclusion from this Court's prior Memorandum and Order that plaintiff has failed to allege a plausible Section 1983 claim against NHCC, *id.* at 6, is unchanged. Therefore, this claim is dismissed pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b).

---

[2] Plaintiff identifies further third parties in his amended complaint who participated in these alleged violations, specifically, an unnamed "corporal" and the Nassau County Sherriff. However, because plaintiff failed to identify these individuals (or any other individual parties) as defendants in his amended complaint, the Court declines to address any allegations against them.

### b. Remaining State Law Negligence Claim

In addition to his previously asserted 1983 claims, plaintiff raises a state law claim for negligence in his amended complaint. As the undersigned has previously observed:

> Pursuant to 28 U.S.C. § 1367(c), a district court "may decline to exercise supplemental jurisdiction over" state law claims if, as here, "the district court has dismissed all claims over with it has original jurisdiction. 28 U.S.C. § 1367(c)(3); *see Delaney v. Bank of Am. Corp.*, 766 F.3d 163, 170 (2d Cir. 2014). "Dismissal of the state law claims, however, is not absolutely mandatory, and the authority of whether to retain or decline jurisdiction resides in the sound discretion of the Court." *Cinevert v. Varsity Bus Co.*, No. 12-CV-1223 (RRM)(VVP), 2014 WL 4699674, at *3 (E.D.N.Y. Sept. 22, 2014) (internal quotation marks and citations omitted); *see Delaney*, 766 F.3d at 170. "In deciding whether to exercise jurisdiction over supplemental state-law claims, district courts should balance the values of judicial economy, convenience, fairness, and comity — the '*Cohill* factors.'" *Klein & Co. Futures, Inc. v. Bd. of Trade*, 464 F.3d 255, 262 (2d Cir. 2006) (citation omitted). "[I]n the usual case in which all federal-law claims are eliminated before trial, the balance of factors will point toward declining to exercise jurisdiction over the remaining state-law claims." *Kolari v. New York-Presbyterian Hosp.*, 455 F.3d 118, 122 (2d Cir. 2006) (quoting *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n. 7, 108 S. Ct. 614, 98 L. Ed. 2d 720 (1988)); *see Brzak v. United Nations*, 597 F.3d 107, 113-14 (2d Cir. 2010) ("[I]f a plaintiff's federal claims are dismissed before trial, the state claims should be dismissed as well.").

*Monetti v. Indep. Grp. Home Living Program, Inc.*, No. 18-CV-00629(ADS)(GRB), 2019 WL 5873756, * 7 (E.D.N.Y. July 26, 2019), *report and recommendation adopted*, No. 218CV00629ADSGRB, 2019 WL 4593462 (E.D.N.Y. Sept. 23, 2019) (quoting *Bartels v. Inc. Vill. of Lloyd Harbor*, 97 F. Supp. 3d 198, 221 (E.D.N.Y. 2015)).

Having dismissed plaintiff's Section 1983 claims—the only federal cause of action —the Court finds that concerns for judicial economy, convenience, fairness and comity weigh against retaining supplemental jurisdiction over the remaining state law negligence claim. Accordingly, the undersigned declines to exercise supplemental jurisdiction over this remaining state law claim and plaintiff's negligence claim is therefore dismissed without prejudice. Plaintiff may pursue any valid claim he may have, including for negligence, in state court.

## CONCLUSION

Based on the foregoing, the amended complaint is dismissed in its entirety pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b).   The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that, should plaintiff seek leave to appeal *in forma pauperis*, any appeal from this Order would not be taken in good faith.   Therefore, *in forma pauperis* status is denied for the purpose of any appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Clerk of the Court is directed to mail a copy of this Order to the *pro se* plaintiff.

**SO ORDERED**.

Dated: Central Islip, New York
March 3, 2021

/s/ Gary R. Brown
GARY R. BROWN
United States District Judge